**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANCITA WARD,

        Plaintiff,

                              Case Number: 05-72330

v.

                              JUDGE PAUL D. BORMAN
A-1 INTERNATIONAL COURIER      UNITED STATES DISTRICT COURT
SERVICE, INC., a New Jersey Corporation,

        Defendant.

_____ /

**OPINION AND ORDER DENYING DEFENDANT A-1 INTERNATIONAL COURIER SERVICE, INC.'S MOTION FOR RECONSIDERATION (DOCK. NO. 34)**

Now before the Court is Defendant's Motion for Reconsideration of this Court's January 31, 2007 Opinion and Order. The facts of the instant case are set forth in *Ward v. A-1 Intern. Courier Service, Inc.*, Case No. 05-72330, 2007 WL 325342, *1-*2 (E.D. Mich. Jan. 31, 2007) (unpublished) and are not repeated below.

On November 6, 2006, Defendant filed a Renewed Motion for Summary Judgment (Dock. No. 26). The Court denied Defendant's Renewed Motion for Summary Judgment on January 31, 2007. (*See* Dock. No. 32). Defendant subsequently filed the instant Motion for Reconsideration on February 12, 2007. Having considered the entire record, and for the reasons that follow, the Court DENIES Defendant's Motion for Reconsideration.

Pursuant to Local Rule 7.1(g)(3), a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* Fed. R. Civ. P. 59(e)

(allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment).  A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

Defendant argues that this Court committed palpable error when it ruled that there was a genuine issue of material fact whether Plaintiff and the alleged comparable were similarly-situated.

In ruling that Plaintiff and Sandra Wilhite were similarly-situated, the Court noted that there some minor differences; Plaintiff and Wilhite worked different shifts and were disciplined for different reasons.  *Ward*, 2007 WL 325342 at *6.  However, the Court concluded that in a light most favorable to Plaintiff, Plaintiff and Wilhite's positions were nearly identical and thus, Plaintiff and Wilhite were similarly-situated.  *Id*.

Defendant's Motion for Reconsideration presents the same issues ruled upon by the Court in its January 31, 2007 Opinion and Order.  In fact, the majority of Defendant's Motion for Reconsideration is copied word-for-word from Defendant's Renewed Motion for Summary Judgment.  As such, Defendant has failed to show a palpable defect.[1]

---

[1] Defendant also asks the Court to clarify whether its ruling on pretext was a factual determination or whether its ruling was a finding that Plaintiff's proofs raised an issue of fact as to pretext.  The Court's holding in its January 31, 2007 Opinion and Order is clear; in a light most favorable to the non-moving party, Plaintiff has shown that Defendant's legitimate, non-discriminatory reason is pretext.  Therefore, an issue of fact remains as to pretext.

Accordingly, pursuant to L.R. 7.1(g)(3), and for the reasons stated in this Court's January 30, 2007 Opinion and Order, the Court DENIES Plaintiff's Motion for Reconsideration.

**SO ORDERED**.

          s/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

Dated: February 15, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 15, 2007.

          s/Denise Goodine
          Case Manager